**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04148-NYW

RANJIT SINGH,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
DAVID J. VENTURELLA, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

Before the Court is the Petition for Writ of Habeas Corpus ("Petition"). [Doc. 1]. Respondents filed a consolidated response, [Doc. 6], and Petitioner has replied, [Doc. 7]. For the following reasons, the Petition is respectfully **GRANTED in part**.

## BACKGROUND

Petitioner Ranjit Singh ("Petitioner" or "Mr. Singh") is a native and citizen of India. [Doc. 1 at ¶ 16]. He entered the United States without inspection in February 2023. [*Id.* at ¶ 59]. He was promptly arrested and then released on his own recognizance. [*Id.* at ¶¶ 59, 61]. Mr. Singh was issued a Notice to Appear ("NTA") for removal proceedings. [*Id.* at ¶ 62]. He then filed an asylum application and obtained work authorization. [*Id.* at ¶¶ 63–64].

On July 31, 2026, Mr. Singh was arrested and detained by U.S. Immigration and

Customs Enforcement ("ICE") agents. [*Id.* at ¶¶ 65–66]. He did not receive a pre-detention hearing (or, apparently, any bond hearing since) and has received no notice for the basis of his re-detention. [*Id.* at ¶ 67]. He remains in detention at ICE's Denver Contract Detention Facility. [*Id.* at ¶¶ 16, 69].

Mr. Singh brings three claims. First, he asserts a substantive due process claim, arguing that his detention furthers no legitimate government purpose ("Claim One"). [*Id.* at ¶¶ 85–89]. Second, he brings a procedural due process claim based on his re-detention without prior notice, a pre-deprivation hearing, or any identified change in circumstances ("Claim Two"). [*Id.* at ¶¶ 90–94]. Third, he argues that his detention violates the Immigration and Nationality Act to the extent the Government purports to detain him under 8 U.S.C. § 1225(b) rather than 8 U.S.C. § 1226(a) ("Claim Three"). [Doc. 1 at ¶¶ 95–98].

Respondents have elected not to submit "a brief in opposition to the Petition detailing the facts and circumstances of this case." [Doc. 6 at 1–2]. They "recognize that the Court may then decide to grant the Petition and award appropriate relief" and assert that "appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner." [*Id.* at 2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026))].

## LEGAL STANDARDS

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

**ANALYSIS**

The Court finds Claim Two dispositive. When faced with a procedural due process claim, courts use the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine "the type of process required in a given case." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1180 (D. Colo. 2024) (first quoting *Marin v. King*, 720 F. App'x 923, 940–41 (10th Cir. 2018); and then citing *J.B. v. Washington Cnty.*, 127 F.3d 919, 924 (10th Cir. 1997)); *see also Ba v. Hagan*, No. 26-cv-04047-PAB, 2026 WL 2654063, at *1 (D. Colo. Sept. 9, 2026) (another court in this District doing the same in a similar case); *Hilario Yucra v. Baltazar*, No. 26-cv-03332-PAB, 2026 WL 2247748, at *1 (D. Colo. Aug. 4, 2026) (same).[1]

Under *Mathews*, the Court considers three factors to determine whether a petitioner's due process rights have been violated: (1) "the private interest that will be

[1] Courts in this District, including this Court, have recognized that, in certain circumstances, administrative regulations impose requirements that must be met before a non-citizen's supervised release or parole is revoked and that a violation of ICE regulations constitutes a due process violation. *See, e.g.*, *Hernandez Lopez v. Baltazar*, No. 26-cv-03929-NYW, 2026 WL 2754083, at *2 (D. Colo. Sept. 17, 2026); *Rojas-Ospina v. Baltazar*, No. 26-cv-02075-NYW, 2026 WL 1601680, at *2–3 (D. Colo. June 4, 2026). Petitioner does not argue that any particular regulations apply to the revocation of his supervision, *see generally* [Doc. 1], so the Court does not address this issue, *United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) (a court cannot make arguments on behalf of a party).

affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

The private interest—freedom from detention—"is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects."); *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (describing "the interest in being free from imprisonment" as "the most significant liberty interest there is"). This weighs in favor of Petitioner. *Ba*, 2026 WL 2654063, at *1.

Relevant to the second *Mathews* factor "is the fact that [Mr. Singh] was previously released on his own recognizance." *Id.* This necessarily required a finding that Petitioner was not a danger to the community or a flight risk. *See id.* Furthermore, Respondents do not contest that Petitioner's supervision was revoked without a pre-deprivation hearing and without any stated reason. [Doc. 6]. Nor do Respondents now assert any basis for the revocation. [*Id.*]. "Where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, there is a significant risk of the erroneous deprivation of petitioner's liberty interest." *Hilario Yucra*, 2026 WL 2247748, at *1; *see also Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026) (finding that the risk of erroneous deprivation was "considerable" where it "appear[ed] to be undisputed that

Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Danierov v. Noem*, No. 2:25-cv-01215-KG-KRS, 2026 WL 45288, at *2 (D.N.M. Jan. 7, 2026) (finding "substantial" risk of erroneous deprivation where petitioner was detained without a bond hearing after two years of release, without any assessment of "whether any material facts had changed"). This factor weighs in favor of Mr. Singh. *Ba*, 2026 WL 2654063, at *1.

Finally, the Court considers the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Respondents do not address this factor or identify any fiscal or administrative burdens in play. *See* [Doc. 6]. This Court agrees with other courts concluding that "the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies [Mr. Singh's] re-detention is low when compared to [his] interest in being free from the erroneous deprivation of [his] liberty." *Ba*, 2026 WL 2654063, at *2; *see also Ekenge*, 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue." (cleaned up)).

Weighing the *Mathews* factors, the Court finds that Petitioner's due process rights were violated. Respondents provide no argument to the contrary and have thus waived any argument in opposition. *See Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims

by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims."). The Court **GRANTS** the Petition as to Claim Two and **ORDERS** that Petitioner be immediately released **within 48 hours of the entry of this Order**. *See Ba*, 2026 WL 2654063, at *2; *Hilario Yucra*, 2026 WL 2247748, at *2. On or before **October 2, 2026**, the Parties shall file a joint status report confirming compliance with this Order and informing the Court whether any further proceedings are required.[2]

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus [Doc. 1] is **GRANTED in part** as set forth herein;

(2) Respondents are **DIRECTED** to immediately release Petitioner, subject to any previous conditions of supervision, **within 48 hours of the entry of this Order**; and

(3) No later than **October 2, 2026,** Respondents shall file a Status Report confirming Petitioner's release.

DATED: September 25, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

[2] The Court finds that the need for injunctive relief, *see* [Doc. 1 at 21], is not "clearly established" at this time, *see Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *6 (D. Colo. Feb. 24, 2026) (quotation omitted); *Ba*, 2026 WL 2654063, at *2 n.1.